## 59669. DAVIS v. HOSPITAL AUTHORITY OF FULTON COUNTY et al.

SHULMAN, Judge.

Plaintiff, a former employee of the Hospital Authority of Fulton County, d/b/a Northside Hospital (hereinafter "Northside"), brought suit against defendant Northside and four individuals (supervisory employees at Northside during the time of plaintiff's employment), alleging damages for (inter alia) wrongful discharge (against the individual defendants only) and defamation of character (against all defendants). From the grant of defendants' motion for summary judgment on the above counts, plaintiff appeals. As to the wrongful discharge and conspiracy counts, we reverse the grant of summary judgment as to defendants Ward, Hannah, and Miller and affirm the grant of summary judgment on those counts in favor of defendants Northside Hospital and Clark. The grant of summary judgment in favor of all defendants on the defamation claim is affirmed.

1. Appellant contends that the trial court erred in granting defendants Ward, Hannah, and Miller's motion for summary judgment on appellant's claim of unlawful interference with her employment. Appellant asserts that issues of fact remain for jury resolution in regard to whether or not any, all, or some of the individual defendants as third-party tortfeasors wrongfully procured her discharge. We agree.

It is undisputed that defendants Ward and Hannah were plaintiff's immediate supervisors at Northside and that they, in turn, were under the supervision of defendant Miller, who was directly responsible to defendant Clark, the administrator of Northside Hospital.

Since defendant Northside admitted, and the evidence presented on motion for summary judgment showed, that the decision to discharge appellant was reviewable by Clark, even had the decision to fire plaintiff been made by defendant Miller (as defendants contend), and not defendants Ward and Hannah (as appellant contends), we would still find it necessary to reverse the grant of summary judgment on this issue.

The decision to terminate plaintiff's employment, whether made by Ward, Hannah, or Miller, was subject to the approval and review of Mr. Clark. This being so, we cannot agree that either Ward, Hannah, or Miller had the absolute right or authority to discharge the plaintiff, which authority would preclude plaintiff's assertion of a claim for wrongful discharge. See *Ga. Power Co. v. Busbin,* 242 Ga. 612 (2) (250 SE2d 442), reversing 145 Ga. App. 438 (244 SE2d 26), on remand, 149 Ga. App. 274 (254 SE2d 146).

Although it may be true that in making the initial decision to terminate plaintiff's employment with Northside it was not incumbent upon either Ward, Hannah, or Miller to consult with and obtain the approval of a superior (in the instant case, Mr. Clark), the decision, in essence, was not final since it was subject to review in accordance with the hospital's grievance procedures, and neither Ward, Hannah, or Miller could be said to have held absolute authority to discharge the plaintiff. See the clear statement of this principle in *American Standard, Inc. v. Jessee,* 150 Ga. App. 663, 666 (258 SE2d 240). Since the trial court, apparently granted individual defendants Ward, Hannah, and Miller's motion for summary judgment on this issue on the ground that these defendants had absolute authority to discharge the plaintiff, the grant of summary judgment in their favor was error.

2. Moreover, since plaintiff presented evidence to show that the alleged tortious decision to discharge her was the result of the concurrent decision making of Ward and Hannah with Miller's approval, the grant of these three defendants' motion for summary judgment against plaintiff on her conspiracy claim was erroneous. Compare *McElroy v. Wilson,* 143 Ga. App. 893, 894 (2) (240 SE2d 155).

3. Plaintiff asserts error in the trial court's grant of summary judgment in favor of defendants on her several claims of damages based upon alleged acts of defamation. We find no error.

Plaintiff premises her assertions of libel and slander solely upon defamatory statements or matters allegedly contained in her employment record with Northside; however, plaintiff does not assert that those statements or matters were ever disseminated to the public, orally or otherwise. Indeed, plaintiff testified on deposition that to her knowledge information regarding her employment with defendant Northside was not communicated either directly or indirectly to prospective employers with whom she sought work. Therefore, plaintiff has failed to assert the requisite publication necessary to recover on a claim of libel or slander. See, e.g., *King v. Schaeffer,* 115 Ga. App. 344 (5) (154 SE2d 819); *LuAllen v. Home Mission Bd. &c. Convention,* 125 Ga. App. 456 (2a) (188 SE2d 138).

Since actions for injuries to the reputation, such as those asserted by the plaintiff in the instant case, must be brought within one year from the date of the alleged defamatory acts (regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence (see *Irvin v. Bentley,* 18 Ga. App. 662 (1, 2) (90 SE 359), and Code Ann. § 3-1004)), we likewise find that plaintiff's several claims for defamation of character must fail based upon the running of the statute of limitations. Since plaintiff failed to show that any defamatory statements were published subsequent to May 24, 1976 (the date of her discharge from employment), the period of limitation began, at the latest, on that date. It is clear, then, that her complaint, filed in April of 1978, was too late and the action was barred. See *Irvin v. Bentley,* supra.

4. Since plaintiff has failed to support with either appropriate or relevant argument or authority her allegations of error in regard to the trial court's grant of summary judgment in defendants' favor on her claim of an invasion of privacy, her contentions of error based on the court's ruling are not reviewable, and her enumeration of error in this regard is deemed abandoned.

5. For the same reason, plaintiff is precluded from asserting error on the trial court's refusal to grant a permanent injunction against defendants.

6. We find no error in the trial court's grant of summary judgment to defendants on that portion of appellant's claim which sought damages for intentional infliction of mental distress. See generally Code Ann. § 105-2003.

Regardless of whether or not plaintiff properly set forth a claim for such relief, since we find that the basis for plaintiff's claim for damages for mental distress is premised upon the same allegedly libelous and slanderous acts (the underlying tort complained of) upon which the statute of limitations has run (see Division 3), we

find no error in the trial court's grant of summary judgment in favor of defendants on this count. See *Barry v. Baugh,* 111 Ga. App. 813 (143 SE2d 489).

7. Regarding plaintiff's assertions of error based upon the trial court's denial of her claim for attorney fees and expenses of litigation, since we find that the issue of whether or not plaintiff was wrongfully discharged from Northside remains for jury consideration, and since she has alleged bad faith, the question of whether or not plaintiff is entitled to recover litigation expenses, under the circumstances, properly awaits jury determination. *Harrison v. Ivie,* 143 Ga. App. 856 (240 SE2d 224). See generally Code Ann. §§ 105-2004 and 20-1404.

For the reason set forth above, the grant of summary judgment on the wrongful discharge and conspiracy counts in favor of defendants Ward, Hannah, and Miller is reversed; the grant of summary judgment on those counts in favor of defendants Northside Hospital and Clark is affirmed. The grant of summary judgment to all defendants on the defamation count is affirmed.

*Judgment reversed in part; affirmed in part. Quillian, P. J., and Carley, J., concur.*

ARGUED APRIL 9, 1980 — DECIDED MAY 2, 1980 — REHEARING DENIED MAY 19, 1980 —

*Michael C. Ford,* for appellant.

*Simuel F. Doster, Jr., Hunter S. Allen, Jr., Charles L. Day,* for appellees.