61463. CUNNINGHAM et al. v. JOHN J. HARTE
ASSOCIATES, INC. et al.

SOGNIER, Judge.

Appellant Cunningham, an architectural firm, sued appellee Harte, an architectural and engineering firm, for libel.

Appellant designed a DeKalb County building which later developed cracks. Appellees were employed by DeKalb County to investigate the cause of the cracks, and they prepared a written report of their findings which was submitted to DeKalb County on November 15, 1973.

On June 19, 1975 DeKalb County requested Harte to prepare construction plans for the necessary corrective work on the building. Harte completed the plans and delivered them to DeKalb County in

December, 1975. In October, 1978 an engineer working with Harte (also a defendant here) gave testimony to the court in a suit involving DeKalb County and appellant regarding Harte's investigation of the building's deficiencies.

Appellant contends that certain statements made and exhibits used in the Harte report of November 15, 1973 were false and exaggerated, and constituted libel. The instant suit was filed November 20, 1979. Appellees raised the defense of the statute of limitation, Code Ann. § 3-1004, which provides for a one-year statute of limitation for injuries to one's reputation. The trial court granted summary judgment in favor of appellees based on this defense, and Cunningham appeals.

Appellant contends that the action did not accrue until injury occurred, which was when DeKalb County ceased to do business with appellant. Appellant claims that the injury is a continuing tort and cites *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (174 SE 365) (1934) in support of its argument. *Silvertooth* is a medical malpractice case involving a foreign object left in the body of a patient. Under our law at the time, the statute of limitation did not begin to run in such cases until the patient had knowledge of the wrong, i.e., the date of discovery of the object. We find that case inapplicable here. *Everhart v. Rich's Inc.,* 229 Ga. 798 (194 SE2d 425) (1972), cited by appellant, is also inapplicable, as *Everhart* involved an injury caused by continued exposure to a hazard and continued failure of the tortfeasor to warn of the hazard.

The alleged defamatory publication in the instant case was made in 1973 and constituted a completed act. We find this case controlled by *Davis v. Hospital Authority,* 154 Ga. App. 654, 656 (269 SE2d 867) (1980), which held that ". . . actions for injuries to the reputation, such as those asserted by the plaintiff in the instant case, must be brought within one year from the date of the alleged defamatory acts (regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence [cit] . . .)" Accordingly, the trial court was correct in granting summary judgment to appellees.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 10, 1981.

*Norris C. Broome,* for appellants.
*Eugene O'Brien, David A. Handley, James C. Huckaby, Jr., John F. Davis, Jr.,* for appellees.