## 65675. HILL v. CRABB.

BIRDSONG, Judge.

Summary Judgment — Statute of Limitations. Hill purchased a truck from Overland Company in 1975, giving a note for a balance of $3,783 payable in installments. Hill obtained a license to operate the truck in interstate commerce. In August 1977, as we construe the record, Hill abandoned the tractor in Indiana for needed repairs. The garage notified Overland of the repair bill ($1,900). Overland forwarded the cost of repairs to obtain release of the vehicle. Thereupon Hill obtained the vehicle and returned it to his home in Georgia.

Crabb, as an employee and agent of Overland, together with an agent of the FBI, went to Hill's residence in November 1977, accused Hill of stealing the truck and apparently confiscated the same. In December 1980, Hill brought suit against Crabb alleging that Crabb's action in accusing Hill of theft and apparently seizing the truck (or "black listing" Hill with potential employers) made it impossible for Hill to obtain loads for his truck or other employment with his truck. Hill sought loss of income, the value of the truck and punitive damages. By amendment, Hill added a count for the wrongful accusation (i.e., slander) that he had stolen the truck and sought damages in the same amount as he had for the property loss damages. In his portion of the pretrial order, Hill contended his action was one involving loss of business and truck, i.e., a property loss. Crabb, in his portion of the pretrial order, acknowledged that Hill's cause of action sounded in two phases, one setting forth an action for slander and the second apparently for an interference with Hill's business. Crabb moved for summary judgment on several grounds, including the

statute of limitations, release of a joint tortfeasor (Overland) in a separate action, and failure to join an indispensable party (Overland).

The trial court expressly did not rule on any ground other than the statute of limitations. The court in granting summary judgment to Crabb construed the action as arising out of slanderous statements and actions alone occurring in November 1977. Finding that the action thereon had not been brought until December 1980, over three years after the tortious acts, the trial court concluded the action brought by Hill was governed by OCGA § 9-3-33 (Code Ann. § 3-1004), injuries to the person (requiring institution of action within two years) rather than OCGA § 9-3-31 (Code Ann. § 3-1002), injuries to personalty (requiring filing of suit within four years). Hill brings this appeal contending that the cause of action falls within OCGA § 9-3-31 (Code Ann. § 3-1002) and thus was not barred by the statute. *Held:*

Appellant Hill's contention has merit. Accordingly, we reverse. One basis of Hill's complaint related to slander and its results, and was subject to the statute of limitations set forth in OCGA § 9-3-33 (Code Ann. § 3-1004), i.e., one or two years depending on whether the action was based in slander or as a tort against the person. However, part of Hill's complaint was based in a property right, as contended by Hill and acknowledged by Crabb. This falls within the restraints of OCGA § 9-3-32 (Code Ann. § 3-1003), which establishes a time frame of four years. Thus, Hill's complaint sounding in damage to personal property rights is well within the parameters set by that statute. " 'A person's business is property in the pursuit of which he is entitled to protection from tortious interference by a third person'. . . . Since this is a property right, the plaintiff had four years in which to bring his action." *Dale v. City Plumbing &c. Co.,* 112 Ga. App. 723, 728 (146 SE2d 349). See *Weiner v. Fulton County,* 113 Ga. App. 343, 345 (1) (148 SE2d 143); *Muse v. Connell,* 62 Ga. App. 296, 303 (8 SE2d 100). See also *Crawford v. Crawford,* 134 Ga. 114, 119-123 (2) (67 SE 673). The trial court erred in granting Crabb summary judgment on the basis of the bar of the statute of limitation. We do not consider or rule on any other questions as those additional issues, if any, are not before us.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 25, 1983.

*Thomas L. Williams,* for appellant.

*Jack T. Elrod,* for appellee.