70208. BITTERMAN v. EMORY UNIVERSITY.
(333 SE2d 378)

BENHAM, Judge.

Appellant Bitterman slipped and fell on the campus of Emory University on March 26, 1982. He filed suit against Emory on March 26, 1984, and now appeals from the trial court's dismissal of the action on the ground that the statute of limitation had expired.

1. Appellant acknowledges that a complaint for personal injury "shall be brought within two years after the right of action accrues . . ." OCGA § 9-3-33. However, he maintains that his cause of action was a continuing tort with the statute of limitation commencing on June 11, 1982. Alternatively, appellant argues that the statute of limitation may have commenced on March 26, 1982, but was tolled until June 11, 1982, when, he alleges, he first became aware of the nature of his injuries and the causal connection between them and his slip and fall incident.

A continuing tort is one inflicted over a period of time. *Everhart v. Rich's, Inc.*, 229 Ga. 798 (hn. 2) (194 SE2d 425) (1972). Appellant did not suffer such a tort. Compare *Anderson v. Sybron Corp.*, 165 Ga. App. 566 (299 SE2d 160) (1983); *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981). His injury was "occasioned by violent external means" and the statute of limitation began to run on the day his injury was actually sustained. *Everhart*, supra at 801. See also *Commercial &c. Ins. Co. v. Wraggs*, 159 Ga. App. 596 (2) (284 SE2d 19) (1981); *Cunningham v. John J. Harte Assoc.*, 158 Ga. App. 774 (282 SE2d 219) (1981).

Contrary to appellant's assertions, the statute of limitation was not tolled until he discovered the causal relationship between his injury and appellee's alleged misconduct. The "discovery rule" he attempts to use was adopted in Georgia to aid a plaintiff suffering a continuing tort, the cause of which he had recently discovered. See *McAuley v. Wills*, 251 Ga. 3 (1) (303 SE2d 258) (1983); *King v. Seitzingers, Inc.*, supra. It is not a means by which a plaintiff may extend a

statute of limitation by forestalling medical attention.

2. Appellant maintains that appellee's motion to dismiss was converted to a motion for summary judgment by the trial court's consideration of matters outside the pleadings, and argues that judgment should not have been rendered without giving appellant 30 days in which to respond. See OCGA § 9-11-12 (c). Although the trial court stated that it had considered "the entire record on file" and our review shows the record contained interrogatories and answers thereto, a closer reading of the trial court's order reveals that the decision rendered was based solely on consideration of the pleadings, with all doubts resolved in favor of appellant. Inasmuch as the pleadings revealed appellee was clearly entitled to judgment, the trial court did not err in granting appellee's motion. Compare *Seaboard C.L.R. Co. v. Dockery*, 135 Ga. App. 540, 543 (218 SE2d 263) (1975).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 19, 1985 —
REHEARING DENIED JULY 9, 1985.

*Charles F. Perkins*, for appellant.
*Sidney F. Wheeler, Alan L. Newman, J. M. Hudgins*, for appellee.