A95A2741. JAHANNES v. MITCHELL et al.
A95A2742, A95A2743. MITCHELL et al. v. JAHANNES
(two cases).
(469 SE2d 255)

ANDREWS, Judge.
Jahannes, a professor at Savannah State College (SSC), brought suit against the Board of Regents of the University System of Georgia and against four individual defendants also employed at SSC for actions allegedly taken both within and without the scope of their employment at SSC. In his complaint, Jahannes set forth claims for

breach of contract, violation of due process rights, libel, slander, and intentional infliction of emotional distress. These appeals involve only the claims made against two of the individual defendants, Mitchell and Williams.

Jahannes claims that, while Mitchell and Williams were employed at SSC, they made false allegations against him that, as the Dean of the School of Humanities and Social Sciences at SSC, he misused certain funds allocated to SSC. He claims that statements, oral and written, were made by Mitchell and Williams as part of and outside of formal grievance procedures instituted against him at SSC concerning the allegations. He claims the false allegations were also made at a press conference held by an attorney acting on behalf of Mitchell and Williams in violation of SSC faculty regulations prohibiting public statements and publicity concerning the grievance allegations. As a result of the false allegations, Jahannes claims he was removed from his position as Dean and that he suffered damage to his reputation and emotional distress. It is undisputed that Jahannes remained employed as a tenured professor at SSC.

Mitchell and Williams moved for summary judgment as to all counts of the complaint. The trial court granted summary judgment in favor of Mitchell and Williams on the claims for breach of contract, violation of due process, libel and slander, and denied summary judgment on the claim for intentional infliction of emotional distress. In Case No. A95A2741, Jahannes appeals from the partial grant of summary judgment in favor of Mitchell and Williams. The cross-appeal of Mitchell and Williams in Case No. A95A2742, and the interlocutory appeal granted to Mitchell and Williams in Case No. A95A2743, both appeal from the trial court's partial denial of summary judgment.

## Case No. A95A2741

1. Jahannes claims the trial court erred by granting summary judgment in favor of Mitchell and Williams on his claim for breach of contract.

In his complaint, Jahannes alleged he held his position as Dean of the School of Humanities and Social Sciences at SSC pursuant to a contract with the Board of Regents, which governs SSC as a part of the University System of Georgia. He alleged the Board of Regents breached his employment contract when he was removed from the position of Dean without proper cause. The trial court granted summary judgment to Mitchell and Williams on the basis that no allegation of breach of contract had been made against these defendants, and they had no contractual relationship with Jahannes.

In response to the motion for summary judgment, Jahannes alleged a breach of contract claim entirely different from the averments

in his complaint. He alleged Mitchell and Williams were not entitled to summary judgment because: (1) faculty regulations at SSC governing the grievance procedures at issue formed a part of Mitchell's and Williams' employment contracts at SSC; (2) Mitchell and Williams breached their contracts when they called a press conference to publicize the allegations they made in the grievance in violation of faculty regulations and (3) he was a third party beneficiary of the breached contracts entitled to maintain an action for the breach.

This completely new claim made for the first time in response to the motion for summary judgment does not satisfy even the liberal requirements of the Georgia Civil Practice Act (OCGA § 9-11-1 et seq.) for notice pleading. In the absence of any effort to amend the complaint to fairly state the new claim prior to summary judgment, the defendants were not given reasonable notice of the claim and had no opportunity to frame a responsive pleading to the claim. *Allen v. Bergman*, 201 Ga. App. 781, 783-784 (412 SE2d 549) (1991); see *Bazemore v. Burnet*, 117 Ga. App. 849, 852 (161 SE2d 924) (1968). "Accordingly, at the time the motion for summary judgment was granted, there existed no viable [third party beneficiary claim]." *Allen*, supra at 783.

Moreover, even if reasonable notice had been given, the record does not support such a claim. "In order for a third party to have standing to enforce a contract under [OCGA § 9-2-20] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient." *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370) (1976).

The trial court did not err by granting summary judgment in favor of Mitchell and Williams.

2. Jahannes claims the trial court erroneously granted summary judgment in favor of Mitchell and Williams on his due process claim.

In his complaint, Jahannes alleged that his due process rights under the Georgia and United States Constitutions were violated when he was dismissed by the President of SSC from the position of Dean without a hearing prior to the dismissal. Despite conceding in response to the motion for summary judgment that Mitchell and Williams had no contractual authority to remove him as Dean, Jahannes, nevertheless, contended in response to the motion for summary judgment that these defendants violated his due process rights. Once again, he did so on the basis of allegations totally unrelated to the averments in his complaint. He claimed that the press conference called by Mitchell and Williams had the effect of violating his due process rights by wrongfully prosecuting him in the media rather than in the SSC grievance process. He also claimed Mitchell and Williams violated his due process rights by exerting influence on the President

of SSC to remove him from the position of Dean.

For the same reasons stated in Division 1, because these additional due process claims bore no relation to the averments in the complaint and were brought in response to summary judgment without any attempt to amend the complaint, no reasonable notice of the claims was provided as required by the Georgia Civil Practice Act. Accordingly, no such claims were viably presented at the time of summary judgment. *Allen*, supra at 783.

Nevertheless, even if the new claims had been properly pleaded, they do not support Jahannes' due process claims, especially given the apparent fact that the President of SSC had the right to remove Jahannes from the position of Dean at will. *Johnson v. MARTA*, 207 Ga. App. 869, 873 (429 SE2d 285) (1993) (no protected due process right in a position terminable at will).

There was no error in the grant of summary judgment on this claim.

3. Lastly, Jahannes argues that summary judgment was erroneously granted because the one-year statute of limitation in OCGA § 9-3-33 should not bar his claims against Mitchell and Williams for libel and slander.

Actions for injuries to reputation, such as those asserted in Jahannes' libel and slander claims, must be brought within one year of the date of the alleged defamatory acts. OCGA § 9-3-33; *Davis v. Hosp. Auth. of Fulton County*, 154 Ga. App. 654, 656 (269 SE2d 867) (1980). Even though he concedes the written and spoken allegations against him were made more than one year before he filed the complaint alleging libel and slander, Jahannes contends the one-year limitation period was tolled under the provisions of OCGA § 9-3-96. Under OCGA § 9-3-96, "[the applicable] limitation period may be tolled if the defendant committed an act of actual fraud that had the effect of concealing from the plaintiff the existence of the cause of action despite [his] exercise of reasonable diligence." *Hahne v. Wylly*, 199 Ga. App. 811, 812 (406 SE2d 94) (1991); *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980). Jahannes claims, not that he was unaware of the alleged defamatory statements because of fraud or any other reason, but that the limitation period should be tolled during the pendency of the grievance procedure brought against him at SSC. This was not a basis for tolling the one-year limitation period. The trial court properly granted summary judgment in favor of Mitchell and Williams on the libel and slander claims.

*Case Nos. A95A2742 and A95A2743*

4. Mitchell and Williams appeal from the trial court's denial of their motion for summary judgment on Jahannes' claim for inten-

tional infliction of emotional distress.

It is undisputed that the basis for Jahannes' claim for emotional distress damages was the alleged defamatory statements made by Mitchell and Williams. Since the undisputed facts show that the claim for intentional infliction of emotional distress was premised on the same alleged libelous and slanderous acts upon which the statute of limitation has run (see Division 3), it necessarily follows that Mitchell and Williams were also entitled to summary judgment in their favor on this claim. *Davis*, supra at 656-657.

Although this issue was not directly ruled upon in the trial court or raised on appeal in connection with the emotional distress claim, the record shows no dispute as to the facts related to this issue, and the legal conclusion necessarily follows from the rulings of the trial court and this Court in Division 3 regarding the expiration of the applicable limitation period. Since the law applicable to this claim was raised and resolved in Division 3 and no disputed factual issue remains to be addressed by the trial court, judicial economy dictates that we recognize the preclusive effect of the undisputed facts and law on this claim and bring this litigation to a conclusion.

*Judgment affirmed in Case No. A95A2741. Judgment reversed in Case Nos. A95A2742 and A95A2743. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 6, 1996 — 

*Harris Odell, Jr., Birney O. Bull*, for appellant.
*Bouhan, Williams & Levy, Frank W. Seiler, Roy E. Paul, Timothy H. Edwards*, for appellees.