A96A0330. LEE v. GORE.
(472 SE2d 164)

RUFFIN, Judge.

Jimmy Lee was Chief Tax Appraiser of Haralson County from 1990 until he was removed from office on January 11, 1994. On February 1, 1995, Lee filed a complaint against Mira Reggie Gore and several other defendants for libel, slander, conspiracy to libel and slander, and interference with employment. He alleged Gore conspired to publish a petition entitled "Petition to Dismiss Jimmy Lee as Chief Assessor for the Haralson County Board of Tax Assessors" and that this petition contained falsehoods about him. The trial court awarded summary judgment to Gore based on the one-year statute of limitation for libel and slander actions. Lee appeals this order.

In his sole enumeration of error, Lee asserts the trial court "erroneously failed to take into consideration that the statute of limita-

tions in this case is two (2) and four (4) years, based upon the claim of interference with trade or profession by the Plaintiff, rather than simple slander or libel, which would have a one (1) year statute of limitations." Specifically, Lee contends his complaint should be liberally construed to include a cause of action for interference with a property right. For reasons which follow, we affirm in part and reverse in part.

1. Count 2 of Lee's complaint, the only count addressing Gore, states Gore is being sued "in tort for libel, slander and conspiracy to libel and slander." According to the complaint, Gore conspired to publish a "Petition to Dismiss Jimmy Lee as Chief Assessor for the Haralson County Board of Tax Assessors." "This petition, which is libelous per se, was on it's [sic] face and in it's [sic] purpose designed to totally interfere with the employment position, trade or profession of the Plaintiff as an employee of Haralson County to-wit: Chief Tax Assessor. As such each of the Defendants is jointly and severely [sic] liable in tort for said interference with Plaintiff's trade or profession." Paragraph 23 of the complaint alleges "Defendants committed slander per se against the Plaintiff designed specifically, as is set forth in the petition itself, to totally destroy Plaintiff's trade or profession in a malicious, willful, tortuous [sic] manner." Paragraph 28 of the complaint requests "[f]or this slander and libelous interference with Plaintiff's profession, each Defendant should be held liable to Plaintiff. . . ." Furthermore, paragraph 32, subsection d, requests that the defendants be declared liable "in tort for the malicious, willful libel and slanderous interference with his profession as Chief Tax Assessor . . . and that Plaintiff be awarded special damages from each of them equivalent to all the pay he has lost from the date of his wrongful discharge. . . ."

It is clearly established in Georgia that an individual has a valuable property right in his employment, trade or profession and that this property right is subject to a four-year statute of limitation. OCGA § 9-3-31; *Taylor v. Greiner*, 156 Ga. App. 663, 665 (3) (275 SE2d 737) (1980), modified on other grounds, 247 Ga. 526 (277 SE2d 13) (1981). It is not disputed by either party that if Lee's complaint alleges a cause of action for tortious interference with employment, the applicable statute of limitation has not expired and the trial court's grant of summary judgment based on the statute of limitation defense is improper as to this particular claim. The dispute is whether Lee's complaint alleges a claim for tortious interference with employment. We believe it does.

Under the Georgia Civil Practice Act, pleadings need only "give notice of what the adverse party may expect to meet, rather than to frame issues. . . . It now suffices to plead conclusions, whether of fact or of law, provided the pleading is sufficiently definite so as to

give fair notice to the opposite party of the precise nature of the matters thereby raised and sufficiently inform the court to determine the question presented." (Citations omitted.) *Woods v. Canady*, 126 Ga. App. 389 (1) (190 SE2d 920) (1972). Pleadings will be liberally construed in light of this purpose and will be "construed to serve the best interests of the pleader. [Cit.]" *Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App. 156, 161 (2) (b) (303 SE2d 467) (1983). "When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him. [Cits.]" *Walton v. James & Dean, Inc.*, 177 Ga. App. 77, 78 (1) (338 SE2d 516) (1985).

In the present case, the facts alleged in Lee's complaint present four theories upon which Lee may recover: (1) slander, (2) libel, (3) conspiracy to libel and slander, and (4) tortious interference with employment. "A petition must be judged by both its allegations of fact and its specific prayers. Some of the damages sought here are subject to demurrer as being appropriate only to an action for injury to the reputation; others, including the plaintiff's loss of salary income constitute property damage rather than damage resulting from injury to the person." *Dale v. City Plumbing &c.*, 112 Ga. App. 723, 728 (146 SE2d 349) (1965).

The elements of a claim for tortious interference with employment include the existence of an employment relationship, interference by one who is a stranger to the relationship, and resulting damage to the employment relationship. *Hylton v. American Assn. &c.*, 214 Ga. App. 635 (2) (448 SE2d 741) (1994). In addition, it must be shown that the alleged intermeddler acted maliciously and without privilege. *Phillips v. MacDougald*, 219 Ga. App. 152, 155 (2) (c) (464 SE2d 390) (1995); *Wilkinson v. Trust Co. of Ga. Assoc.*, 128 Ga. App. 473, 475 (3) (197 SE2d 146) (1973). In *Gallaher v. Teeple*, 183 Ga. App. 31 (357 SE2d 808) (1987), the Court addressed the issues of slander and tortious interference with a business interest. In that case the Court held that the following allegations served as bases for recovery of damages for tortious interference with business: (1) defendants' votes to revoke plaintiffs' licenses, (2) "false and misleading" information which "was presented to the court and to the public" and "was done with malice, solely for the purpose of causing damage to Plaintiffs," and (3) secret meetings by the defendants in preparation for the presentation of false and misleading information concerning the operation of plaintiffs' businesses. Id. at 33-34.

Based on the foregoing, we find that Lee's complaint does, in fact, assert a cause of action for tortious interference with employment. "This is true although elements appropriate to a libel action

are involved, where the [employment] is the thing legally threatened, and the publication of the words is merely an instrument and incident of this result." *Dale*, supra at 728. Accordingly, the trial court erred in granting complete summary judgment based on the one-year statute of limitation for injuries to reputation. See OCGA § 9-3-33. In so ruling, we do not address the merits of Lee's claim for tortious interference with employment.

2. As for Lee's causes of action for libel, slander and conspiracy to libel and slander, we conclude the trial court correctly applied the one-year statute of limitation relating to injuries to reputation, and we affirm the grant of partial summary judgment as to these claims.

While Lee correctly notes that the statute of limitation for injuries to the person is two years (OCGA § 9-3-33), he fails to cite any persuasive authority showing his slander, libel and conspiracy to libel and slander claims are subject to this two-year statute of limitation. *Hill v. Crabb*, 166 Ga. App. 387 (304 SE2d 510) (1983), cited by Lee in support of his argument, is not helpful. Although the *Hill* court recognized the distinction between injuries to the person and injuries to the reputation, the case did not address "whether the action was based in slander or as a tort against the person." Id. at 388.

It is well established that claims for slander, libel and conspiracy to libel and slander involve injuries to the reputation and not injuries to the person. *Davis v. Hosp. Auth. of Fulton County*, 154 Ga. App. 654, 655 (3) (269 SE2d 867) (1980). Even injuries to an individual's credit and financial standing in the community are construed as an action for damage to the plaintiff's reputation, subjecting such a claim to the one-year statute of limitation. *Sicklesmith v. Citizens Bank &c.*, 101 Ga. App. 533 (114 SE2d 319) (1960).

3. In addition, contrary to Lee's assertions in his brief, which we note were not raised in the trial court, his complaint does not set forth causes of action for emotional distress or humiliation. The complaint also does not set forth a cause of action for loss of earning capacity. These claims are separate and distinct from tortious interference with employment and were not pled in the complaint. Wishful thinking cannot permutate Lee's claims for slander, libel and conspiracy to libel and slander into injuries to his person. They are simply injuries to his reputation and, as such, are subject to the one-year statute of limitation set forth in OCGA § 9-3-33.

Since the alleged defamation occurred prior to Lee's job loss on January 11, 1994, the causes of action for slander, libel, and conspiracy to libel and slander raised in the complaint filed on February 1, 1995 were time-barred. Accordingly, we affirm the trial court's grant of summary judgment on these three claims.

*Judgment affirmed in part and reversed in part. McMurray, P. J.,*

*and Johnson, J., concur.*

DECIDED JUNE 4, 1996.

*Ted B. Herbert*, for appellant.
*Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., Jack F. Witcher*, for appellee.