## A96A0890. BARNWELL v. BARNETT & COMPANY.
### (476 SE2d 1)

Judge Harold R. Banke.

Michael Barnwell sought interlocutory review of the denial of his motion for summary judgment in Barnett & Company's ("Barnett") suit arising from the termination of its distributorship agreement with Johnson Yokogawa Corporation. The trial court denied Barnwell's motion for summary judgment on Barnett's claims of slander and conspiracy to slander, tortious interference with business and contractual relations, conspiracy to interfere, and trespass.

From 1985 until 1993, Barnett and its principal, Bill Barnett, served as the exclusive sales representatives in Georgia for Johnson Yokogawa Corporation and its predecessor corporation ("JYC"). This distributorship was based on a contract terminable at will with 30 days written notice. Barnwell was JYC's product sales manager in Georgia. As part of his routine duties, Barnwell provided information about Barnett and other distributors in his region to various JYC managers.

After Walter H. Steward, JYC vice-president of sales, decided to terminate Barnett's distributorship, a JYC executive suggested that Process Specialties, Inc. ("PSI") submit a business plan for JYC's distributorship in Georgia. PSI's vice president, Norman Weed, immediately prepared a proposal, which JYC accepted. Weed then invited Barnwell and other JYC employees to interview for PSI's new office opening in Atlanta. Shortly thereafter, Barnwell accepted a job with PSI, having learned not long before Barnett's termination that due to a business reorganization, he was to receive a new position at JYC.

Barnett then sued JYC for breach of contract, alleging that several JYC executives including Steward, Charles Micallef, Barnwell, PSI and Weed had tortiously interfered with its JYC contract. Another count alleged that JYC and these defendants conspired to tortiously interfere with Barnett's business relationships with JYC and Barnett customers. The suit further accused Barnwell of libel, slander, and trespass.

To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows

that JYC executives became dissatisfied with Barnett's performance in 1992. According to Steward, he and a JYC manager discussed terminating Barnett's distributorship in early 1992. Thereafter, Steward wrote Bill Barnett expressing disappointment in his company's sales over the previous three years, describing its performance as "unacceptable." Several months later, Barnett was informed that its distributorship would be terminated if it failed to meet 100 percent of specified sales quotas for that quarter.

Steward testified he alone had responsibility for terminating Barnett's distributorship, and that he made that decision based on Barnett's insufficient sales growth and high employee turnover. According to Steward, he reached this decision after consulting with JYC managers, receiving published sales reports, and hearing from Barnwell and others that Barnett had lost salespeople. Barnwell provided no information which spurred his decision, Steward testified. Barnwell admitted that, when asked, he informed his superiors at JYC that he believed Barnett should be replaced. *Held*:

1. Barnwell was entitled to summary judgment on Barnett's claim of tortious interference with the distributorship contract with JYC. The contract at issue, as supplemented, was terminable at will upon 30 days notice. Tortious interference with contract requires proof of: (1) an independent wrongful act of interference by a stranger to the contract; (2) malicious intent to cause injury; and (3) resulting damage. See *Hylton v. American Assn. &c.*, 214 Ga. App. 635, 638 (2) (448 SE2d 741) (1994); *Singleton v. Itson*, 192 Ga. App. 78, 79 (383 SE2d 598) (1989). Steward's testimony that Barnwell had no input into the decision to terminate Barnett is fatal to this claim. Moreover, Barnett provided no evidence that Barnwell was a stranger to the contract or acted beyond the scope of his agency with JYC. *Nexus Svcs. v. Manning Tronics*, 201 Ga. App. 255 (1) (410 SE2d 810) (1991); see *Meeks v. Pfizer*, 166 Ga. App. 815, 816 (305 SE2d 497) (1983). Nor was there any evidence that Barnwell was a stranger to the business relations at issue, an essential element of the tortious interference with business relations claim. *Renden, Inc. v. Liberty Real Estate &c.*, 213 Ga. App. 333, 336 (2) (444 SE2d 814) (1994). Thus, summary judgment was improperly denied on Barnett's claims of tortious interference with contract and business relations.

2. Barnwell is entitled to summary judgment on Barnett's slander claim. The statute of limitation bars the claim because, by Barnett's own admission, the allegedly slanderous conversation with an ITT Rayonier employee in Jesup, Georgia, occurred in 1992, more than one year before Barnett filed suit in 1994. *Davis v. Hosp. Auth. of Fulton County*, 154 Ga. App. 654, 656 (3) (269 SE2d 867) (1980). Whether Barnett claims personal damage or damage to a business reputation, a claim for slander or conspiracy to slander remains a

claim for injury to reputation subject to the one-year statute of limitation specified in OCGA § 9-3-33. *Lee v. Gore*, 221 Ga. App. 632, 635 (2) (472 SE2d 164) (1996). Further, Barnett provided no evidence to support its allegation that Barnwell made slanderous statements or conspired with other JYC employees to communicate false complaints to employees of Interstate Paper Company. See *Roberts v. Lane*, 210 Ga. App. 10, 11-12 (1) (435 SE2d 227) (1993).

We reject Barnett's contention that his claim survives as a continuing tort. Because the allegations do not support a claim that the purported injury was inflicted over a period of time, that theory is inapplicable. See *Bitterman v. Emory Univ.*, 175 Ga. App. 348 (1) (333 SE2d 378) (1985). Although Barnett's complaint alleged both slander and libel, he failed to allege facts sufficient to state a libel claim. Accordingly, Barnwell was entitled to summary judgment on this claim.

3. We find no merit to Barnett's trespass claims against Barnwell. The evidence shows no actionable "misfeasance, transgression, or offense" attributable to Barnwell. OCGA § 1-3-3 (20); see *Sanders v. Brown*, 178 Ga. App. 447, 449 (1) (343 SE2d 722) (1986). Accordingly, the trial court erred in denying Barnwell's motion for summary judgment.

4. The evidence that Barnwell conspired to tortiously interfere with Barnett's business relations is likewise insufficient to withstand Barnwell's motion. Insofar as Barnett alleges that Barnwell interfered with its relations with JYC, Steward indisputably had authority to terminate the contract with Barnett. Therefore, Steward and Barnwell, as JYC's agents, could not conspire to do that which they were legally entitled to do. *Ga. Power Co. v. Busbin*, 242 Ga. 612, 614 (3) (250 SE2d 442) (1978). Further, Barnett provided no evidence linking Barnwell to any wrongful act affecting Barnett's relationship with ITT Rayonier, Interstate Paper, or TN Technologies. See *Roberts*, 210 Ga. App. at 12 (1).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 21, 1996 —
RECONSIDERATION DISMISSED SEPTEMBER 10, 1996.

*Mayer & Beal, Randolph A. Mayer, Elizabeth B. Thompson*, for appellant.

*Cashin, Morton & Mullins, Richard W. Gerakitis, Andersen, Davidson & Tate, Gerald Davidson, Jr., Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Leslie S. Sullivan, King & Croft, Terrence L. Croft*, for appellee.