[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

No. 10-11768
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01101-TWT

EDDIE YANCEY,

Plaintiff - Appellant,

versus

CLARK ATLANTA UNIVERSITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 20, 2011)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Eddie Yancey, proceeding *pro se*, appeals the district court's grant of

summary judgment in favor of Clark Atlanta University ("CAU"). Yancey raised

a number of claims before the district court, including, *inter alia*, breach of contract, slander, libel, negligence, and fraudulent misrepresentation. The district court granted CAU's motion for summary judgment on all claims.

We review the district court's grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive a summary judgment motion, the non-movant must establish that the record evidence supports more than one reasonable conclusion as to the proper adjudication of the case. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).

On appeal, Yancey advances a number of procedural and substantive challenges to the district court's order.[1] He alleges that the district court (1) failed to notify him "of his case for the docket," (2) erred by considering evidence submitted by CAU that he did not receive, (3) incorrectly concluded that the statute of limitations on his slander claim did not toll during his administrative

---

[1] Ordinarily, we will not consider an issue not raised in the district court. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994). That principle would eliminate our consideration of several of the issues Yancey raises on appeal. However, as none of his grounds for appeal are meritorious, we will briefly address each.

2

grievance procedure, (4) unjustifiably allowed CAU to disregard required initial

disclosures, (5) ignored his evidence in granting summary judgment, and (6)

deprived him of his due process rights.[2]

---

[2] Most of these issues do not warrant extended discussion. Accordingly, we dispose of them here. Yancey's first argument appears to allege that the district court conducted a hearing—without his participation—regarding the submitted motions for summary judgment. The record is bereft of any indication that a hearing was held on the motions. Instead, it appears that the district court ruled based on the parties' filings. He raises a similar argument as his fifth ground for reversal. We conclude that the district court did not fail to notify Yancey of a non-existent hearing, and therefore relief is not warranted.

His second argument contends that the district court improperly considered evidence that CAU failed to disclose to him including, *inter alia*, the transcript of his own deposition. The facts effectively refute such a claim. Yancey responded to CAU's summary judgment motion, and therefore he must have been aware of the evidence the court relied upon. Furthermore, he submitted an erratta sheet correcting a number of mistakes in his deposition. Therefore, we find it inconceivable that the district court relied on any evidence not disclosed to Yancey.

Next, Yancey argues that the district court failed to require CAU to file the mandatory initial disclosures, preliminary report, discovery plan, and certificate of interested persons. Furthermore, he alleges that CAU failed to disclose its President's investigation into Yancey's allegations. The record shows that CAU filed initial disclosures, a preliminary report, a discovery plan, and discovery materials, and it served Yancey with each. CAU also approved his certificate of interested persons. Moreover, the record lacks any motion to compel additional documents, including any associated with the President's investigation. Accordingly, there is no denial of such a motion for Yancey to appeal.

Yancey's final argument focuses on the district court's decision to deny his discovery-extension motion, but he fails to establish that the district court abused its discretion in denying that motion. *See Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (per curiam). His motion was filed one day before the expiration of the discovery period, and the district court had previously stated that it would grant extensions only in "exceptional circumstances." Yancey does not attempt to demonstrate that the district court's decision was an abuse of discretion.

Yancey claims that the statute of limitations on his slander claims should be tolled for two reasons, namely because (1) he needed to exhaust his administrative remedies before filing suit,[3] and (2) the slander constituted a continuing tort.

Tort actions for slander must be filed within one year of the allegedly defamatory act. O.C.G.A. § 9-3-33; *Jahannes v. Mitchell*, 220 Ga. App. 102, 469 S.E.2d 255, 258 (1996). This is true whether or not the plaintiff had knowledge of the speech at the time of its occurrence. *See Davis v. Hosp. Auth. of Fulton Cnty.*, 154 Ga. App. 654, 269 S.E.2d 867, 870 (1980). Georgia does recognize continuing torts, however, and its courts have said that "'the plaintiff in a continuing tort suit can recover for any damages that were suffered within [the applicable statute of limitations period] prior to the filing of the suit.'" *Tri-County Inv. Grp, Ltd. v. S. States, Inc.*, 231 Ga. App. 632, 500 S.E.2d 22, 25 (1998) (quoting *Tucker v. S. Wood Piedmont Co.*, 28 F.3d 1089, 1091 (11th Cir. 1994)). Georgia courts have not extended the continuing tort doctrine to slander claims. *See Barnwell v. Barnett & Co.*, 222 Ga. App. 694, 476 S.E.2d 1, 3 (1996)

---

[3] Yancey relies on a portion of the Prisoner Litigation Reform Act ("PLRA") for this proposition. 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(a). That statute requires that prisoners exhaust all administrative remedies before filing suit in federal court to challenge prison conditions. Yancey claims that the district court and this Court have "treated [him] as a criminal and prisoner, [and] therefore the same must apply to the exhaustion of administrative remedies." Yancey, however, provides no discussion or citation to authority to justify applying PLRA to a non-inmate that chose to utilize a university's administrative grievance procedure rather than filing a civil suit. Accordingly, we find this argument unpersuasive.

(concluding that a slander claim does not "survive[] as a continuing tort");

*Cunningham v. John J. Harte Assocs., Inc.*, 158 Ga. App. 774, 282 S.E.2d 219, 220 (1981) (concluding that the defamatory act "constituted a completed act" and triggered the one-year statute of limitations).

Here, we decline to apply the continuing tort doctrine to Yancey's slander claim, and we determine that the district court properly granted summary judgment to CAU. Yancey's complaint was filed outside of the applicable statute of limitations period. His deposition testimony indicated that he learned of the alleged slander in May 2007, and he filed his complaint in April 2009. Yancey presents no compelling argument to suggest that we should apply the continuing tort doctrine to extend Georgia's one-year statute of limitations for slander claims, and we decline to do so. Accordingly, we conclude that the district court properly granted summary judgment to CAU.

**AFFIRMED.**