14649. AMERICAN RAILWAY EXPRESS CO. v. ESTROFF.

STEPHENS, J.  1. Contracts limiting a carrier's liability for goods lost in transit must be express, and knowingly and understandingly made between the parties. See, in this connection, *American Railway Express Co.* v. *Daniel*, 29 *Ga. App.* 780; Adams Express Co. v. Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257). Where a carrier seeks to limit its common-law liability for loss or damage to goods in transit, it must do so by an express agreement made at the time of the receipt of the goods from the shipper. Where goods are received for shipment by a carrier and no receipt or bill of lading is at the time delivered to the shipper, but the goods are received for shipment without any express agreement between the carrier and the shipper, and the carrier voluntarily accepts the goods for shipment, it undertakes to transport them under its common-law liability.

2. A delivery afterwards by the carrier to the shipper of a written receipt or bill of lading purporting to have been issued as of the date of the shipment, and containing stipulations limiting the carrier's common-law liability, and a retention of the receipt or bill of lading by the shipper, will not, in the absence of an express agreement by the shipper assenting to its terms, or an agreement implied from a previous course of conduct between the parties, render the stipulations binding on the shipper as being a part of the contract between the parties. This is true even though such receipt or bill of lading was delivered to the shipper at the latter's request, since it cannot be assumed that the shipper, in requesting of the carrier a written receipt evidencing the contract between the parties, thereby consented to a waiver of the shipper's rights under the implied agreement which arose between the parties at the time of the carrier's acceptance of the goods for shipment. See, in this connection, 1 Hutchinson on Carriers, § 416.

3. In a suit by the shipper to recover of the carrier damages for the loss of goods shipped while in transit, where the carrier based its defense upon an alleged special contract in writing, limiting its liability, and where it appeared that the contract offered in evidence by the carrier in support of its plea failed, under an application of the above rulings, to constitute a valid agreement, the trial judge did not err in excluding this defense.

4. Admission of evidence of the plaintiff to the effect that he had visited the office of the defendant at the place of destination and there conferred with the employees of the defendant, who informed him that there were no records of the office showing a delivery to the consignee of the goods shipped, even if the court erred therein for the reason that it did not appear that it was the duty or custom of the defendant to keep such records, was harmless to the defendant, since the defendant admitted that the goods shipped were lost in transit and not delivered to the consignee.

5. This being a suit in trover for an alleged conversion of the shipment by the defendant, and it appearing from the evidence that the goods, after having been delivered to the defendant for the purpose of transporta-

37

tion and delivery to a consignee, were neither delivered to the consignee nor returned to the consignor, the verdict for the plaintiff, in an amount equal to the true value of the goods as proved by the evidence, was authorized.

    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

  DECIDED FEBRUARY 8, 1924. REHEARING DENIED MARCH 1, 1924.

Trover; from Toombs superior court—Judge Hardeman. April 25, 1923.

Certiorari was granted by the Supreme Court.

*Robert C. Alston, Lankford & Rogers,* for plaintiff in error.

*Enoch J. Giles,* contra.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*