## 76712. SATSUKI IMPORTS v. W. G. CARROLL & COMPANY, INC.
### (373 SE2d 56)

POPE, Judge.

Satsuki Imports is an unincorporated company which imports foreign-made merchandise into the port of Savannah. W. G. Carroll & Company, Inc., is a customs broker and international freight forwarder. Carroll provided services to Satsuki for which it charged certain fees. According to the terms of the brokerage agreement under which the parties conducted business, the broker held a general lien

against all property of its customer either in the broker's possession or control, or property en route, for all charges or expenses incurred by the broker in connection with the shipments of the customer. Because Satsuki had failed to pay the fees charged on several previous shipments, Carroll refused to pay freight charges on behalf of Satsuki on a shipment which arrived in November 1986. Satsuki was unable to obtain possession of the goods until January 1987. Carroll brought a claim against Satsuki for unpaid fees. Satsuki counterclaimed for malicious interference with contractual rights. The trial court directed a verdict in favor of Carroll on both its claim for unpaid fees and on Satsuki's counterclaim. Satsuki appeals.

1. In its fourth enumeration of error, Satsuki argues the trial court erred in admitting a blank copy of the invoice form on which Carroll billed Satsuki for its services. Printed on the back of the form was language granting Carroll a lien against its customer's property for expenses incurred "in connection with any shipments of the customer . . . ." The evidence established an identical form was provided with each invoice from Carroll to its customer Satsuki over the course of their business dealings with each other. No evidence was presented that Satsuki objected to this term of the invoice. Thus, the evidence established a course of conduct between the parties by which Carroll was granted a lien on Satsuki's property for any unpaid fees. The document was not improperly admitted into evidence.

2. Satsuki's sole defense to the claim for unpaid fees was that Carroll had overcharged it for customs duties in the past. Nevertheless, Satsuki admitted that the invoices involved in Carroll's claim were due but unpaid. Therefore, the court did not err in granting a directed verdict to Carroll on its complaint. Accordingly, we reject Satsuki's third enumeration of error.

3. Because the evidence showed Carroll was granted a lien on Satsuki's property for any unpaid fees, there is no evidence Carroll wrongfully retained Satsuki's goods. To recover for malicious and wrongful interference with contractual rights, malicious intent to cause the result must be shown. *Bodge v. Salesworld, Inc.*, 154 Ga. App. 65 (267 SE2d 505) (1980). No evidence of malicious intent having been presented, the court did not err in granting a directed verdict to Carroll on Satsuki's counterclaim. Accordingly, we reject Satsuki's first enumeration of error.

4. Carroll's claim was brought against John Bricker, d/b/a Satsuki Imports. The evidence showed that Satsuki Imports was unincorporated and that John Bricker was the only principal of the company who resided in the United States. Therefore, the court did not err in denying Satsuki's motion for directed verdict as to John Bricker. Satsuki's second enumeration of error is also rejected.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Stanley E. Kreimer, Jr.*, for appellant.
*Anthony M. Thomasson, Philip L. Wester*, for appellee.