A89A0644. SINGLETON v. ITSON et al.
(383 SE2d 598)

CARLEY, Chief Judge.

After appellant-plaintiff's employment with Georgia Farm Bureau Mutual Insurance Company was terminated, he filed suit against appellee-defendants and alleged that they had tortiously interfered with his employment contract. The case was tried before a jury. At

the close of appellant's evidence, the trial court directed a verdict in favor of, all appellees. It is from the grant of the motions for directed verdict that appellant brings this appeal.

Construed in the light most favorable to appellant, the evidence, insofar as it is relevant to an action for tortious interference with contractual relations, is as follows: After being placed on six-months' probation for having failed to complete his paper work in a timely manner, appellant requested that additional secretarial help be provided to him. In response to that request, appellee Herrington was hired. Although she was employed to assist appellant, appellee Herrington was not under his supervisory authority. An atmosphere of tension quickly developed between appellant and appellee Herrington. This clash of personalities was a factor in their superiors' increasing impatience with the overall situation in the office. The presence of employees' family members in the office was another. Appellant was eventually placed on indefinite probation and informed that family members of employees were not permitted in the office and that, in the event his family business caused any further disruptions of his official business, his services would be immediately terminated. Subsequently appellant's wife came to the office to assist him with his paper work, as she had previously done. Appellee Herrington complained about the presence of appellant's wife in the office and stated that she neither needed nor wanted his wife interfering in her work. Although appellant had allowed his wife to return to the office in violation of his earlier instructions, he was not immediately terminated but was offered a transfer to another office at a lower-level position. Appellant rejected this transfer offer and his employment was then terminated.

" ' "The fact that employment is at will and that the employer is free from liability for discharging an employee does not carry with it immunity to a third person who, without justification, causes the discharge of the employee. . . ." [Cit.]' [Cit.]" *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 483-84 (4) (367 SE2d 328) (1988). "To recover for malicious and wrongful interference with contractual rights, malicious intent to cause the result must be shown. [Cit.]" *Satsuki Imports v. W. G. Carroll & Co.*, 188 Ga. App. 350, 351 (3) (373 SE2d 56) (1988). The terms "malicious" and "maliciously" mean " 'any *unauthorized* interference or any interference *without legal justification or excuse*. . . .' [Cit.]" (Emphasis supplied.) *Combs v. Edenfield*, 184 Ga. App. 75, 77 (360 SE2d 743) (1987). The terms are " 'to be construed liberally: The act is malicious when it is done with knowledge of the plaintiff's rights and with the intent to interfere with them. [Cits.] . . . Malice plus injury to business of itself does not, however, constitute the tort of wrongful interference with business. Rather, an *independent wrongful act* is required as well as an injury. [Cit.]' [Cits.]" (Emphasis supplied.) *Perry & Co. v. New South Ins. Brokers*, 182 Ga.

App. 84, 90 (4) (354 SE2d 852) (1987).

Several appellees are the directors of the local Farm Bureau who participated in the decision to discharge appellant. As to them, the undisputed evidence shows that their participation in appellant's discharge occurred within the scope of their supervisory authority and in the course of their employment. *Henson v. American Family Corp.*, 171 Ga. App. 724, 729-30 (4) (321 SE2d 205) (1984); *Sacks v. McCrory*, 160 Ga. App. 430, 431 (1) (287 SE2d 292) (1981). Such impatience with and animosity toward appellant as they may have exhibited related only to his violation of official policy and to his inability to correct other perceived problems in the office. They had the right to enforce official policy and to deal with those problems which appellant was unable to correct. They clearly had the right to protect their business and "there is nothing to controvert the appellees' showing that they acted in what they believed to be the best interests of the business and without malicious intent." *Johnson v. Auto/Mend*, 183 Ga. App. 311, 312 (359 SE2d 10) (1987). Accordingly, as to these appellees, the trial court correctly granted a directed verdict.

As to appellee Herrington, appellant urges that she, as a third party, tortiously interfered with his employment contract by setting in motion, for purely personal reasons, the machinery which led to his discharge. See *Favors v. Alco Mfg. Co.*, supra at 484 (4). In *Favors*, however, the tortious interference was accomplished by the third party's independently wrongful act of making a false statement about a co-employee. It is undisputed that appellee Herrington made no false statements about appellant. Appellant's discharge was the result of his wife's unauthorized presence at the office. Appellee Herrington's report of this fact was, without dispute, truthful. Likewise, none of appellee Herrington's prior statements about appellant was shown to be false. Indeed, most, if not all, of appellee's statements concerning appellant were mere expressions of her personal opinion. Those opinions were certainly critical of appellant's work and there was undoubtedly a personality conflict as between her and appellant. However, as we held in *Kornegay v. Mundy*, 190 Ga. App. 433 (1) (379 SE2d 14) (1989), "[s]uch a conflict between employees is a matter to be resolved by the mutual employer. It should not be litigated in a court of law." Here, the conflict of personalities between co-employees was resolved by the termination of the employment of both appellee Herrington and appellant. Divulging truthful information and expressing critical personal opinions about a co-employee's work are not wrongful or unlawful acts and those acts cannot, therefore, give rise to liability for tortious interference with contractual relations in the event that the employer makes the independent determination that the truthful information and critical opinions warrant termination of an at-will employee. There being no evidence of an act of ap-

pellee Herrington's which was independently wrongful or unlawful, the grant of a directed verdict in favor of her was correct.

With regard to the remaining appellees, a directed verdict was likewise correctly granted in their favor. Although interference with contractual relations may occur by means of a conspiracy, *Nottingham v. Wrigley*, 221 Ga. 386, 388 (144 SE2d 749) (1965), there must exist a wrongful interference before any liability may be imposed. *First Federal Savings Bank v. Hart*, 185 Ga. App. 304, 305 (2) (363 SE2d 832) (1987). See also *Grace v. Roan*, 145 Ga. App. 776, 778 (245 SE2d 17) (1978). As discussed previously, there was no wrongful interference in appellant's employment and the remaining appellees cannot, as a matter of law, be found liable under a conspiracy theory. "While the cause of [the] . . . friction is in dispute, [appellant] does not deny its existence, or the fact that the precipitating cause of [the discharge] was his own [action in permitting his wife to work at the office]." *Wilkinson v. Trust Co. of Ga. Assoc.*, 128 Ga. App. 473, 475 (3) (197 SE2d 146) (1973). There being no evidence to support appellant's allegations of conspiracy and malice, those conclusory allegations are not sufficient for him to avoid the grant of a motion for a directed verdict. See *Johnson v. Auto/Mend*, supra at 312.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 6, 1989 —
REHEARING DENIED JUNE 22, 1989 — 

*Whelchel, Whelchel & Carlton, James C. Whelchel*, for appellant.

*Frank S. Twitty, Jr., Denmark Groover, Jr., Frank C. Vann*, for appellees.