## A96A0644. SULLIVAN et al. v. HORN.

(470 SE2d 765)

ANDREWS, Judge.

Ed Sullivan and William Foreman appeal the trial court's granting of summary judgment to Darrell Horn on their claim of tortious interference with an employment relationship. Sullivan and Foreman argue the trial court erred in determining that Horn committed no independently wrongful or unlawful acts and did not act maliciously in bringing about Sullivan's and Foreman's terminations from Office Depot. We disagree and affirm the judgment of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Construing the evidence, as we must, in favor of Sullivan and Foreman as non-movants on summary judgment, the record shows that in March 1992, Sullivan assumed the manager's position of a Savannah Office Depot store with a history of productivity problems. In January 1992, William Foreman had been transferred to this same store, and Sullivan later made him one of his assistant managers. Darrell Horn was the district manager in charge of the Savannah store. This store was one of thirteen stores in Georgia, South Carolina, and North Carolina for which Horn was responsible.

At some point after they began working in the Savannah store, Sullivan and Foreman claim that Horn, for no apparent reason, took a dislike to them. As a result of this personal animosity, they allege Horn deliberately thwarted Sullivan's efforts to improve the store's performance and also forced him to give Foreman poor performance ratings and unjustified reprimands. Specifically, they contend Horn attempted to sabotage their attempts to turn the store around by diverting payroll funds away from their store, assigning employees meaningless tasks the day before the regional manager's inspection, thereby causing a poor evaluation, "using hostile, malicious, subjective judgments to assign non-acceptable scores to the plaintiffs' eval-

uations," and failing to offer practical suggestions or solutions to problems. Sullivan and Foreman do not deny the accuracy of their performance evaluations, but claim instead that Horn's actions caused them to fail.

Larry Phillips, the regional manager, decided to discharge Sullivan after Sullivan had received several written warnings and a final warning. Phillips testified in his deposition that he decided to fire Sullivan as a result of his tour of the store in October 1992, Horn's checklists, other manager's audits, and the "customer secret shopper" reports.

Phillips' decision to discharge Foreman was due primarily to an incident involving "top stock" violations.[1] In December 1992, Horn asked Foreman if certain "top stock" violations had been corrected. Foreman told Horn he believed these violations had been taken care of. But, when Horn visited the store several days later, he saw that not only had these top stock violations not been corrected, but also there were four additional violations. Phillips, Horn, and Harold Martin, the regional human resources manager, all agreed that Foreman should be fired because he was on final warning and had lied about correcting the violations.

Sullivan and Foreman filed a complaint against Horn in which they alleged actual and constructive fraud, breach of fiduciary duty and bad faith. They filed an amended complaint alleging tortious interference with their employment relationship. The trial court dismissed the claims for actual and constructive fraud and granted Horn's motion for summary judgment on the remaining claims. Sullivan and Foreman appeal only the granting of summary judgment on their tortious interference claim.

In an action for tortious interference with an employment relationship that is terminable at will, the plaintiff must show that "a party with no authority to discharge the employee, being activated by an unlawful scheme or purpose to injure and damage him, maliciously and unlawfully persuades the employer to breach the contract with the employee." *McElroy v. Wilson*, 143 Ga. App. 893, 894 (240 SE2d 155) (1977).

The trial court found this case to be nothing more than a "personality conflict between co-employees." We agree, noting that the trial court's order granting Horn's motion for summary judgment is well reasoned, thorough and complete. We expressly adopt its conclusions as our own. As the trial court pointed out, Sullivan and Foreman do not dispute that there were problems or that the poor perfor-

---

[1] "Top stock" is the term used for merchandise stacked on upper shelves. Correcting these violations is a primary concern because they are a safety hazard to customers and employees.

mance evaluation given by Phillips was inaccurate. Rather, they claim Horn was responsible for these problems because he kept the store from hiring more staff. But, both Sullivan and Foreman admitted this was pure speculation and they could point to no evidence in support of these allegations. On the other hand, Horn submitted evidence that budgets and staffing were determined at the corporate level and he was not responsible for those decisions.

Accordingly, the trial court correctly concluded that Sullivan and Foreman were unable to establish that Horn acted maliciously because the reports critical of Sullivan's and Foreman's job performances were truthful and were part of Horn's responsibilities as district manager. Therefore, we find that Sullivan and Foreman were unable to establish an essential element of their claim and the trial court did not err in granting Horn's motion for summary judgment on plaintiff's claim for tortious interference with employment relations.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 17, 1996 —
RECONSIDERATION DISMISSED MAY 6, 1996 — ■

*Savage & Turner, Robert B. Turner,* for appellants.
*Jackson, Lewis, Schnitzler & Krupman, Stephen X. Munger, Emily S. Blumenthal,* for appellee.

