## A97A0882. HALVERSON et al. v. MURZYNSKI.
### (487 SE2d 19)

BEASLEY, Judge.

Murzynski sued Halverson, d/b/a Power Management, Inc., and others for tortious interference with her employment contract. We denied Halverson's and Power Management's application for interlocutory appeal from the denial of their original motions for summary judgment but granted their second application after the trial court denied their renewed motions based on additional evidence.

In May 1990, Mary Murzynski became employed as insurance coordinator for Health, Education & Research Services, Inc. (HERS), a company engaged in the business of providing physical therapy services. She was hired by Brenda Jones, the owner of HERS, under an oral employment contract for an indefinite period of time. Murzynski testified that she was hired because HERS was in dire financial straits as a result of numerous delinquent accounts, and that she was instrumental in improving collections and generating significant cash flow, resulting in her promotion to administrator by Jones in July 1990. Murzynski and another HERS employee testified that Murzynski helped improve staff morale, which was low because all employees had been ordered to attend seminars on the management technology of L. Ron Hubbard, learn the principles of the Church of Scientology, and set company policy accordingly or lose their jobs.

A few months later, Halverson appeared at HERS. He was affiliated with the Church of Scientology. Jones testified that she hired Halverson as a management consultant to evaluate the efficiency and performance of HERS' personnel and make suggestions which might improve the performance level of the company; that when Halverson questioned her about Murzynski's performance, she told him she had complaints concerning the way Murzynski dealt with customers; and that Halverson told her to document the complaints and advised that the best interest of the company was to terminate an employee who jeopardized future business because of customers' complaints. Jones testified that in November 1990, in the presence of Halverson, she terminated Murzynski as a result of these complaints.

Murzynski testified that the ostensible reason for her termination did not involve customers or jeopardizing future business. According to Murzynski, Jones was aware of these incidents and did not express any dissatisfaction concerning the manner in which Murzynski handled them or any other aspect of her job performance, until Halverson appeared. Murzynski testified that Halverson questioned her about Hubbard and his management technology and church, and she expressed critical opinions.

A "knowledge report" written by Halverson stated that after Murzynski verbally attacked the Church of Scientology, he told Jones "to start documenting any situation that would warrant dismissal per the labor board." The substance of the report would authorize an inference that Halverson instructed Jones to terminate Murzynski because of her verbal attack on the church, and that his reason for doing this related to payments by HERS of large sums of money to various Scientology-related organizations and not to the efficiency and performance of HERS' employees.

1. The fact that employment is at will does not carry with it immunity to a third person who, without justification, causes the discharge of the employee. *Singleton v. Itson*, 192 Ga. App. 78, 79 (383 SE2d 598) (1989). "The elements of a claim for tortious interference with employment include the existence of an employment relationship, interference by one who is a stranger to the relationship, and resulting damage to the employment relationship. [Cit.] In addition, it must be shown that the alleged intermeddler acted maliciously and without privilege. [Cits.]" *Lee v. Gore*, 221 Ga. App. 632, 634 (1) (472 SE2d 164) (1996). "Maliciously" means any unauthorized interference or any interference without legal justification or excuse. *Combs v. Edenfield*, 184 Ga. App. 75, 77 (360 SE2d 743) (1987). See also *Valdez v. Power Indus. Consultants*, 215 Ga. App. 444, 447 (2) (451 SE2d 87) (1994).

" ' "The exercise of an absolute right or privilege is recognized as being closely akin to the question of justification, but it is inherently different therefrom in that such a right can be exercised without incurring liability regardless of the motive for so doing. It is generally held that no liability for procuring a breach of contract exists where the breach is caused by the exercise of an absolute right — that is, an act which a (person) has a definite legal right to do without any qualification." (Cit.)' [Cit.]" *Russell Corp. v. BancBoston Financial Co.*, 209 Ga. App. 660, 663 (4) (434 SE2d 716) (1993). Such would be an exercise of business judgment.

"To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a genuine jury issue on at least one

essential element of plaintiff's case. [Cit.]" *Barnwell v. Barnett & Co.*, 222 Ga. App. 694 (476 SE2d 1) (1996).

Halverson contends that he and Power Management were entitled to summary judgment in that the undisputed evidence shows that Jones, owner of HERS, hired him as a management consultant to advise on the general operation of her business and evaluate the efficiency and performance of her personnel, that actions taken by him were within the scope of his authority, and that Murzynski was discharged because of her abusive behavior.

The record does not preclude a finding of fact that Halverson induced Jones to discharge Murzynski, not as a result of his evaluation of her job efficiency or performance, but rather because of her hostility toward the Church of Scientology and his concern with HERS' continuing monetary payments to church-related organizations. Jones' engagement of Halverson as a management consultant did not confer upon him a privilege to induce Jones to terminate an at-will employee for such reasons. See Restatement 2d Torts, Comment i, § 767, p. 36. *Singleton*, supra, is distinguishable. The court held that directors and an employee of a mutual insurance company were entitled to a directed verdict in a suit for tortious interference with plaintiff's employment contract, where there was nothing to contradict the directors' showing that, in participating in the discharge, they acted in what they believed to be the best interests of the business and without malicious intent, and the co-employee had only divulged truthful information and expressed critical opinions. A jury in the instant case could find that in instructing Jones to discharge Murzynksi, Halverson acted without legal justification or excuse and thus maliciously, thereby causing Murzynski's termination on pretextual grounds.

2. In reliance upon *McDonnell v. Episcopal Diocese of Ga.*, 191 Ga. App. 174 (381 SE2d 126) (1989) (physical precedent only), Halverson also argues that under the First Amendment a secular court is prohibited from exercising its authority in this dispute because it would necessitate an impermissible intrusion into ecclesiastical matters. Unlike *McDonnell*, this case does not involve an internal dispute within a religious organization. It involves a claim that an employee of a for-profit corporation was terminated because of her rejection of certain religious beliefs.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 28, 1997.

Before Judge Westmoreland.

*McKinney & Salo, Sonja L. Salo*, for appellants.

*Nelson & Hill, Joseph C. Nelson III, Kesler T. Roberts*, for appellee.