A02A2367. VEASEY et al. v. GCL&FA, INC. et al.
(578 SE2d 475)

MILLER, Judge.

Harris Veasey and Jean Veasey appeal from the trial court's grant of summary judgment to defendants Gwinnett County Livestock & Fair Association, Inc. (GCLFA) and its Director, John William Baughman, on the Veaseys' claims for breach of contract and fraud. Since the evidence does not create a genuine issue of material fact with respect to the breach of contract claim, but the Veaseys were not given full and fair notice and an opportunity to respond in support of their fraud claim, we reverse in part and affirm in part.

Construed most favorably to the Veaseys, the evidence reveals that the Veaseys owned a donut business and each year for 20 con-

secutive years leased (through an oral contract) the same space from the GCLFA to sell donuts and various other food items at the annual Gwinnett County Fair.

After inspecting the Veaseys' booth at the 1999 fair, the Gwinnett County Board of Health informed the Veaseys that they would have to provide screening around the food preparation area of their booth in the 2000 County Fair. Without informing the GCLFA about the instruction from the Board of Health, the Veaseys gave a check to the GCLFA as advance payment for the rental of exhibit space at the 2000 County Fair. Several months later, Mr. Veasey informed Baughman (the vice president of the GCLFA) of the screening requirement issued by the Board of Health and asked Baughman for permission to either screen their booth at the 2000 County Fair or use a trailer in place of their booth at the fair. Baughman informed Mr. Veasey that neither screening nor a trailer would be allowed in the exhibit hall area where the Veaseys had leased space from the GCLFA. Mr. Veasey then informed Baughman that he would attempt to obtain a waiver of the screening requirement from the Board of Health.

The Board of Health did not change its requirement for the Veaseys to screen their booth, and Baughman offered the Veaseys various alternative spaces outside of the exhibit hall area where they could place their trailer or a screened-in booth. The Veaseys rejected the offer to use the alternative spaces and eventually participated in the 2000 County Fair by selling various items (not requiring a screened area for preparation) from their unscreened booth in the exhibit hall area.

The Veaseys sued the GCLFA and Baughman, contending that the defendants had breached their contract with them and committed fraud by failing to allow them to comply with the screening requirements issued by the Board of Health. The Veaseys contended that the defendants' actions led to a loss of profits due to the Veaseys' inability to sell the products that they had been allowed to sell at the fair in past years when they had prepared such items from their unscreened booth.

The defendants moved for summary judgment on the breach of contract claim, but did not specifically mention the fraud claim in their motion or brief in support of summary judgment. The trial court granted summary judgment to the defendants on both the breach of contract and the fraud claims, prompting this appeal.

1. The Veaseys argue that the trial court erred in concluding that no material issue of fact existed to support their claim for breach of contract. We disagree.

On appeal from the grant of summary judgment, we conduct a de novo review of the evidence, viewed in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact

remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250-251 (510 SE2d 541) (1998).

Here, the evidence reveals that the GCLFA offered to allow the Veaseys to lease space at the 2000 fair for a certain fee. Based on the parties' prior course of conduct, this offer was for rental of an unscreened booth at the fair. Cf. *Satsuki Imports v. W. G. Carroll & Co.*, 188 Ga. App. 350, 351 (1) (373 SE2d 56) (1988) (contract terms implied from prior course of conduct); *American R. Express Co. v. Estroff*, 31 Ga. App. 577 (2) (121 SE 711) (1924) (an agreement may be implied from a previous course of conduct between the parties). The Veaseys accepted this offer by sending GCLFA an advance rental check.

The Veaseys then attempted to modify these contract terms by requesting that they be allowed to use screening at their booth, or in the alternative, a trailer instead of a booth in their leased space at the fair. GCLFA rejected the proposed modification, thus leaving the original terms of the contract intact. To the extent that the Board of Health would have required the Veaseys to use a screen in order to sell certain items from the booth space, such a requirement did not modify the agreement between the Veaseys and the GCLFA to lease unscreened booth space at the 2000 fair.

Even when the Veaseys were given an opportunity to sell their items from a screened-in location in a different area of the fair, they chose instead to only sell products from an unscreened booth in their original leased space. Thus, the evidence reveals a contract between the Veaseys and the GCLFA to allow the Veaseys to sell products from an unscreened booth at the fair — which is exactly what the Veaseys were allowed to do. The trial court therefore did not err in granting summary judgment to the defendants on the Veaseys' breach of contract claim.

2. However, the Veaseys correctly argue that the trial court erred in, sua sponte, granting summary judgment to defendants on the Veaseys' fraud claim when the defendants failed to specifically raise it. While it is true that the trial court has the power to sua sponte grant summary judgment to a nonmoving party, the record must support the grant of summary judgment and the party against whom summary judgment is rendered must be given full and fair notice and opportunity to respond prior to entry of such judgment. *Builder Marts of America v. Gilbert*, 257 Ga. App. 763, 766 (2) (572 SE2d 88) (2002). See also *Simmons v. Brady*, 251 Ga. App. 717, 718 (1) (555 SE2d 94) (2001). Moreover, the Veaseys were not required to produce evidence in support of their fraud claim until defendants pierced the allegations of their complaint on that issue (as the only issues that must be rebutted on a motion for summary judgment are those

raised by the motion). See *Wynn v. Arias*, 242 Ga. App. 712, 714-715 (1) (531 SE2d 126) (2000). Since the Veaseys were not given full and fair notice and an opportunity to respond and were not required to produce evidence on the issue of fraud, the trial court erred in sua sponte granting summary judgment to the defendants on the Veaseys' fraud claim.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003 —
RECONSIDERATION DENIED FEBRUARY 27, 2003 — 

*Gary C. Harris*, for appellants.
*Mozley, Finlayson & Loggins, Douglas G. Smith, Jr.*, for appellees.