## A03A1897. PICKREN v. PICKREN et al.
(593 SE2d 387)

MIKELL, Judge.

Joan W. Pickren appeals the trial court's grant of summary judgment to Mildred M. Pickren a/k/a Mildred P. Yawn and Marsha Eason on Joan's claim for injury to her peace, happiness, and feelings pursuant to OCGA § 51-12-6. We affirm.

"When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence."[1] The evidence shows that Joan was married to Darrell Pickren, the son and brother, respectively, of appellees Mildred and Marsha. Joan brought an action against Mildred and Marsha, alleging that she was the rightful owner of three pieces of property identified as the Dinner Bell Tract, the Peachtree Street Tract, and the Fair Street Tract. Joan also alleged that her family lived on the Peachtree and Fair Street tracts for 23 years preceding the filing of the lawsuit; that she made substantial repairs and improvements to her home on the Fair Street tract, at a cost of $25,679.15; that pursuant to an oral contract, Mildred and Darrell's father agreed to convey all three tracts of land to her and Darrell in exchange for Darrell's agreement to take care of his father and to help manage the family businesses, including a restaurant and rental property; and that Marsha knew about the agreement between her parents and her brother. Both Darrell and his father died in 1988. Mildred conveyed all three tracts of land to Marsha.

In her nine-count complaint, Joan raised several causes of action against Mildred and Marsha,[2] but the only claim at issue in this appeal is that alleged in Count 7, which was entitled "claim for damages to peace, happiness and feelings pursuant to OCGA § 51-12-6 resulting from tortious interference with contract by defendant Eason." This was the only claim upon which the trial court granted Mildred and Marsha summary judgment, and we affirm.

OCGA § 51-12-6 provides that "[i]n a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors." This statute does not create a cause of action for emotional injuries arising from a breach of contract or the tortious interference with that contract. In fact, it does not create any

---

[1] (Citation omitted.) *Stanford v. Paul W. Heard & Co.*, 240 Ga. App. 869-870 (1) (a) (525 SE2d 419) (1999).

[2] Joan's complaint alleged causes of action for specific performance, cancellation of the deeds, declaration of implied trust, interference with enjoyment of property, and unjust enrichment. She sought consequential damages and litigation expenses and requested injunctive relief from criminal warrants, dispossession, incurring debt, and the default of the deeds to secure debts.

cause of action but simply prescribes the measure of damages where a tort has been committed.[3]

> A tort is the unlawful violation of a private legal right *other than a mere breach of contract*, express or implied. Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto. In other words, in the absence of injury to life or limb or damage to other property, only a cause of action in contract is available.[4]

Even if there were such a cause of action, however, damages could not be awarded under this statute. This statute may be invoked only where the *entire injury* is to the peace, happiness, and feelings of the complainant,[5] not to her purse.[6] In this case, Joan seeks to recover property through the specific performance of an alleged oral contract, or in the alternative, money damages in the amount of $25,679.15 from Marsha and $129,600 from Mildred. Thus, the entire injury is certainly not to her peace, happiness, and feelings.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 2004.

*Ken W. Smith*, for appellant.
*Robert B. Smith*, for appellees.

---

[3] *Sanders v. Brown*, 178 Ga. App. 447, 448 (1) (343 SE2d 722) (1986); *Barry v. Baugh*, 111 Ga. App. 813, 816 (2) (143 SE2d 489) (1965).

[4] (Citations and punctuation omitted.) *Ga. Farm &c. Ins. Co. v. Croley*, 263 Ga. App. 659, 663 (3) (588 SE2d 840) (2003).

[5] *Hodges v. Youmans*, 129 Ga. App. 481, 486 (8) (200 SE2d 157) (1973) (the vindictive damages statute was codified at Code § 105-2003).

[6] *Pilkenton v. Eubanks*, 139 Ga. App. 673 (1) (b) (229 SE2d 146) (1976) (" ' "[e]ntire injury" means there is no injury to the "person or purse" in cases contemplated by this Code section' ").