A04A0289. BATAYIAS v. KERR-McGEE CORPORATION et al.
(601 SE2d 174)

MILLER, Judge.

Steve Batayias sued Kerr-McGee Corporation, Kerr-McGee Pigments, Inc., and Robert Scanlon for tortious interference with his employment relationship with his former employer, Consolidated Mechanical, and for intentional infliction of emotional distress. Batayias also claimed that the defendants breached a prior settlement agreement with him. The trial court granted summary judgment to the defendants, and Batayias appeals. We discern no error and affirm.

Upon review of the grant of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Pickren v. Pickren*, 265 Ga. App. 195 (593 SE2d 387) (2004). To prevail at summary judgment under OCGA § 9-11-56 (c), the moving party must show that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the evidence showed that in 1994, Batayias and three other workers sued Kemira Pigments, Inc. (Kemira)[1] for personal injuries sustained while working for a contractor at its plant. However, the parties subsequently reached a settlement agreement.

In 2001, Batayias was employed by Consolidated as a pipefitter/welder and worked on site at Kerr-McGee (the old Kemira Pigments, Inc. plant) in Savannah. After working for less than two weeks, Batayias's supervisor informed him that Kerr-McGee did not want him on its property and directed Batayias to leave the plant. When Batayias asked whether he was still employed by Consolidated, the supervisor

---

[1] Now owned by Kerr-McGee.

stated that he was unsure and directed Batayias to speak with Terry Harper, the owner of Consolidated. Batayias could not contact Harper, so he left Kerr-McGee's premises and went to his local union, where he signed up for work with another contractor. The next day, Batayias spoke with Harper, who informed Batayias that he would not be allowed back on Kerr-McGee's property and that he wanted to keep Batayias as a Consolidated employee. Harper informed Batayias that although he could not place him in Savannah, there was other work available for Consolidated in Brunswick, 70 miles away. Batayias stated that he did not wish to commute to Brunswick. Consolidated then gave Batayias a termination slip showing that he was being laid off. He subsequently accepted employment with the contractor through his local union.

Robert Scanlon, who was responsible for Kerr-McGee's environmental and safety affairs, deposed that once he discovered that Batayias was on company property, he requested to speak with the Consolidated supervisor. Scanlon informed the supervisor that Kerr-McGee did not want Batayias on its property. Scanlon further stated that he did not direct Consolidated to fire or lay off Batayias, and that his decision to request that Batayias leave the premises was "based on trying to protect the corporation from possible exposure to any kind of liability." Scanlon explained that he believed it was not in the best interest of Kerr-McGee for Batayias to be on the property, as Batayias had previously filed a lawsuit against Kemira (now Kerr-McGee).

Batayias sued Kerr-McGee Corporation, Kerr-McGee Pigments, Inc., and Robert Scanlon for tortious interference with employment, intentional infliction of emotional distress, and for breach of the 1999 settlement agreement. The defendants moved for summary judgment, and the trial court granted the motion, prompting this appeal.

1. Batayias challenges the trial court's grant of summary judgment to the defendants on his claim of tortious interference with his employment relationship.[2] Here, it is undisputed that there was no contract of employment between Batayias and Consolidated, and therefore Batayias's employment was terminable at will.

> In an action for tortious interference with an employment relationship that is terminable at will, the plaintiff must show that a party with no authority to discharge the employee, being activated by an unlawful scheme or purpose to

---

[2] Batayias does not argue that the grant of summary judgment on his claim for intentional infliction of emotional distress was improper.

injure and damage him, maliciously and unlawfully persuades the employer to breach the contract with the employee.

(Citation and punctuation omitted.) *Sullivan v. Horn*, 221 Ga. App. 289, 290 (470 SE2d 765) (1996); see also *Ott v. Gandy*, 66 Ga. App. 684, 688 (19 SE2d 180) (1942) ("[o]ne who maliciously or without just cause or excuse procures the discharge of a servant from his employment is liable to him for the resulting damages") (punctuation omitted).

Batayias's claim fails because there was no evidence of malice or wrongful conduct to sustain his tortious interference claim. " 'Maliciously' means any unauthorized interference . . . without legal justification or excuse." (Citations omitted.) *Halverson v. Murzynski*, 226 Ga. App. 276, 277 (1) (487 SE2d 19) (1997). Kerr-McGee was not comfortable with Batayias on the property and acted in what it believed was the best interests of the company. See *Singleton v. Itson*, 192 Ga. App. 78, 79-80 (383 SE2d 598) (1989). There was also no evidence of wrongful or improper conduct on the part of the defendants. See *Rose v. Zurowski*, 236 Ga. App. 157, 159 (1) (511 SE2d 265) (1999) (in the employment context, the interference must be malicious and unlawful or wrongful).

> Improper actions constitute conduct wrongful in itself; thus, improper conduct means wrongful action that generally involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions. For example, instructing a fellow employee to commit perjury and then threatening him when he refuses meets this description. On the other hand, accurately informing an employee's superiors that he owes money to the corporation does not.

(Punctuation and footnotes omitted.) Id. Here, the action of requesting that Batayias leave the premises does not fit within the definition of wrongful conduct. As the evidence failed to establish malice or wrongful conduct on the part of Kerr-McGee, essential elements of Batayias's claim, the trial court's grant of summary judgment was proper. See id.; *Sullivan*, supra at 291.

2. Batayias also argues that Kerr-McGee breached the settlement agreement by adding a term to the agreement that he "was barred from the [Kerr-McGee] plant as a result of his injury, lawsuit, and ensuing settlement," in violation of the agreement's merger clause. However, Kerr-McGee's desire to keep Batayias off of its property is independent of the settlement agreement and does not

change or vary the terms of the settlement agreement. A private property owner may at any time restrict persons from coming onto its property. See, e.g., *Pope v. Pulte Home Corp.*, 246 Ga. App. 120 (1) (539 SE2d 842) (2000).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 15, 2004 —

*Noble L. Boykin, Jr.*, for appellant.

*Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree, Maury B. Rothschild*, for appellees.