McFadden, Presiding Judge, concurring in part and dissenting in part.
While I concur in Division 1 of the majority opinion, I respectfully dissent to the remaining divisions.
*595 This divorce case involves the wife's credible threats to expose salacious information about the husband to his employer in an attempt to get him fired unless he agreed to onerous terms of settlement, including giving the wife a significant portion of his earnings in perpetuity, severely limiting his access to his young children, and forcing him to take steps to deprive the children of their rights to dual Australian citizenship, including seeking to relinquish the citizenship that already had been conferred upon one child. The trial court found that the wife's behavior was wrongful and that the husband had entered into the settlement agreement under duress. She was well within her discretion to do so.
But the trial court did not address whether the husband was prevented from asserting this defense before the trial court entered judgment on the decree. That question must be addressed before the trial court can decide whether the judgment should be set aside for duress. Moreover, the trial court was not authorized to set aside only a part of the divorce decree or to apply the doctrine of unclean hands to leave in place the decree's financial provisions. So I would vacate both the set-aside order and the attorney-fee order in their entireties and remand for further proceedings.
1. Set-aside order .
The trial court did not err in finding that the evidence presented at the hearing showed that the husband had signed the agreement under duress, which can be shown by "a threat coupled with an apparent intent and ability to carry out the threat so that the will of the other is overcome." Frost v. Frost , 235 Ga. 672, 675 (2), 221 S.E.2d 567 (1975). Our Supreme Court considered a similar issue in Young v. Young , 188 Ga. 29, 2 S.E.2d 622 (1939), which involved a "wife [who] threatened her husband with loss of his job if he did not agree to her terms for alimony and child support." Frost , 235 Ga. at 675 (2), 221 S.E.2d 567 (describing Young , supra). Holding that "threats of unlawful interference with [the husband's] job[ ] may amount to duress[,]" the Supreme Court concluded that the husband's petition to set aside a judgment based on an alimony and child custody agreement could proceed to a jury. Young , 188 Ga. at 36-37 (3), 2 S.E.2d 622. Notably, the father had alleged facts indicating that the wife "would and could carry out her threat[.]" Frost , 235 Ga. at 675 (2), 221 S.E.2d 567 (discussing Young , supra). See Blalock v. Barrett , 28 Ga. App. 444, 444-445, 111 S.E. 697 (1992) (to constitute duress, threat to job cannot be mere empty threat; because party asserting duress as defense in contract action did not allege that plaintiff "could have made this threat effective or even that [defendant] feared that [plaintiff] could or would cause him to lose his position[,]" he "failed to set forth facts showing duress in law").
As in Young , the husband in this case alleged that the wife would and could carry out her threat of having the husband fired from his job, and the trial court found that the husband "and his witnesses put forth very convincing testimony as to the [wife's] stated intent, actual intent[,] and ability to expose and ruin him in her efforts to obtain a financial advantage in the parties' [a]greement." The hearing evidence authorized that finding.
So the decision in Young supports the trial court's conclusion that the wife's actions constituted duress. Young , 188 Ga. at 34-37 (3), 2 S.E.2d 622. It is true, as the majority notes, that the husband in Young was also subjected to other coercive actions by the wife - not only threats to have him fired but also threats to harm their child. Id. at 36 (3), 2 S.E.2d 622. But the Young decision does not suggest that the additional threats were required to find duress. Rather, that decision indicates that either the threat to the child or the threat to the job could constitute duress. See id.
The majority also notes that a threat of causing one to lose a job cannot constitute duress unless the threat is wrongful or unlawful. The requirement that the threatening conduct be "wrongful or unlawful" is found in many Georgia decisions. See, e.g., Hampton Island, LLC v. HAOP, LLC , 306 Ga. App. 542, 544-545 (2), 702 S.E.2d 770 (2010) ; Charter Medical Mgmt. Co. v. Ware Manor , 159 Ga. App. 378, 381 (3), 283 S.E.2d 330 (1981). These decisions use the disjunctive "or," and *596 in applying this rule we need only consider whether either requirement - wrongful or unlawful - was met, just as we would in interpreting a legal text under the "Conjunctive/Disjunctive Canon" described in Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116-125 (2012). See generally Hardaway Co. v. Amwest Surety Ins. Co. , 263 Ga. 698, 436 S.E.2d 642 (1993) (applying rule derived from caselaw that was framed in disjunctive to hold that only one of two enumerated legal requirements need be met). In other words, we should not conflate "wrongful" conduct with "unlawful" conduct.
Even if the wife's actions were not unlawful, I cannot agree that the trial court abused her discretion in finding them to be wrongful. While not using the word "wrongful," the trial court, as factfinder, determined that the wife had threatened to "destroy" or "ruin" the husband and that her actions were "coercive" and "vindictive." The Second Restatement of Contracts states that a threat is improper, for purposes of determining whether there is duress, "if ... the threat itself would be a crime or a tort if it resulted in obtaining property[.]" Restatement (Second) of Contracts § 176 (1) (a) (1981). A threat like the one before us could constitute the crime of theft by extortion if it resulted in obtaining property rather than obtaining a signature on an agreement. See OCGA § 16-8-16 (a) (3) ("A person commits the offense of theft by extortion when he unlawfully obtains property of or from another person by threatening to ... [d]isseminate any information tending to subject any person to hatred, contempt, or ridicule or to impair his credit or business repute[.]"). Similarly, under certain circumstances such a threat could constitute the tort of intentional interference with employment relationship. See Batayias v. Kerr-McGee Corp. , 267 Ga. App. 848, 849-850 (1), 601 S.E.2d 174 (2004) (party with no authority to discharge employee may be liable for tortious interference with employment relationship if, with intent to injure employee, he maliciously or without just cause procures employee's discharge from employment). The trial court was not required to find that the wife had actually committed a crime or tort in this case to find her conduct wrongful. Rather, the elements of these crimes and torts serve to illustrate the type of behavior that could fall within the broader concept of "wrongful," separate and apart from "unlawful."
I acknowledge that in Tidwell v. Critz , 248 Ga. 201, 203 (1), 282 S.E.2d 104 (1981), our Supreme Court held that "the threat of losing a job or fear of such loss is not duress which will void a contract." That decision, however, does not overrule Young , and its facts are distinguishable. Tidwell concerned one party's threat to end their existing business association if the other party did not sign an employment agreement, a threat that does not implicate either tortious or criminal behavior. The nature of the wife's threat, to reveal compromising material to the husband's employer with the intent of getting him fired, is qualitatively different than the threat in Tidwell .
Simply put, the trial court found, with support from the hearing evidence, that the wife's actions - threatening to get the husband fired from his job if he did not give up a significant percentage of his income, his access to his children, and his children's own ability to avail themselves of dual citizenship in the future - were egregious. The evidence permitted the trial court to so find and to find that the husband signed the agreement under duress.
Nevertheless, as the majority points out, just because the agreement underlying the judgment was the product of duress does not automatically mean that the trial court could set aside the judgment for duress. Our Supreme Court's decision in Frost v. Frost , 235 Ga. at 675 (2), 221 S.E.2d 567, prevented the trial court from setting aside the judgment unless the husband was prevented from asserting his defense of duress when the trial court entered the divorce decree. Given that, in the trial court's view, the settlement agreement was a product of duress even though it arose through mediation, it follows that the same duress might have prevented the husband from challenging that agreement when it was presented to the trial court for entry of a judgment. But the trial court's order is silent on the point. So, as in Frost , *597 supra, this case should be remanded for further findings on whether the husband was prevented from asserting his duress defense at that time.
In addition, the trial court only set aside a portion of the divorce decree, ruling that the husband engaged in "misconduct" that precluded him from setting aside other aspects of the decree under the doctrine of unclean hands. It appears that by "misconduct" the trial court meant the husband's infidelity, although her order did not identify specific acts of misconduct.
But the doctrine of unclean hands applies to petitions brought in equity, and a motion to set aside under OCGA § 9-11-60 (d) is not such a petition. See OCGA § 9-11-60 (e) ("The use of a complaint in equity to set aside a judgment is prohibited."); Holmes v. Henderson , 274 Ga. 8, 8-9 (1), 549 S.E.2d 81 (2001) ("The equitable doctrine of unclean hands ... has no application to an action at law."); Higdon v. Higdon , 321 Ga. App. 260, 262 (1), 739 S.E.2d 498 (2013) (" 'Unclean hands' is a shorthand reference to OCGA § 23-1-10, which states: 'He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action.' ").
Moreover, "a plea of duress ... goes to the whole contract," Williams v. Rentz Banking Co. , 114 Ga. App. 778, 781, 152 S.E.2d 825 (1966) (emphasis omitted), and " OCGA § 9-11-60 (d) ... does not authorize a court to revise or amend part of a judgment while leaving the judgment intact." Epstiner v. Spears , 340 Ga. App. 199, 202 (1), 796 S.E.2d 919 (2017). The trial court's set-aside order is inconsistent with these principles. For these reasons, the order should be vacated in its entirety and the case remanded for the trial court to reconsider whether to set aside the divorce decree.
2. Attorney-fees order.
I agree that the attorney-fees award should be vacated for the reasons explained by the majority. The entire award must be vacated for another reason as well. The trial court based her award of OCGA § 19-6-2 attorney fees on the parties' respective financial positions as determined by the parties' settlement agreement. As explained above, that agreement was the product of duress and so the decree based on it must be set aside and the case must be remanded for further proceedings. Because the outcome of those further proceedings could affect the parties' financial positions, the trial court should reconsider the attorney-fees award on remand.